IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-02473-PSF-MJW

WESTERN STATES PATHOLOGY, INC.,
d/b/a Northern Colorado Cytology Services, Inc., a Colorado corporation,

    Plaintiff,

v.

RUFFDOGS, INC., a Colorado corporation,

    Defendant.

---

## ORDER OF REMAND

---

    This matter comes before the Court *sua sponte* following defendant's filing of a Notice of Removal on December 9, 2006 (Dkt. # 1). The Notice of Removal states that the federal question presented in the case provides the basis for removal (*id.* at 2).

    Title 28 U.S.C. § 1446(b) provides that a notice of removal must be filed "within thirty days after receipt by defendant, through service or otherwise, of a copy of the initial pleading upon which such action or proceeding is based . . . ." The statute further provides that if the case stated in the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable . . . ." Because the Notice of Removal filed by defendant on December 9, 2006 was not

timely filed under this statute this case is remanded to the District Court of Larimer County, Colorado.

**BACKGROUND**

Plaintiff filed its complaint in the state court on July 28, 2006, alleging a breach of contract by defendant and seeking a declaratory judgment that it was the rightful owner of software that had been developed pursuant to the contract between plaintiff and defendant. The complaint does not raise any apparent federal question claim. Defendant filed an answer and counterclaim on August 16, 2006, seeking a declaratory judgment that it was the owner of the software at issue. As affirmative defenses, and as part of the basis for its counterclaim, the defendant asserted rights under the federal copyright statute (Answer at 3, 5).

A hearing was commenced on November 8, 2006, before District Judge James Hiatt on the parties' respective requests for declaratory judgment as to the ownership of the software. Representatives of both plaintiff and defendant testified at the hearing. At the close of the hearing the judge ordered simultaneous briefs to be filed by November 15, 2006 (Transcript of November 8, 2006 hearing, Exhibit 1 to Notice of Removal, at 70).

Following the parties' submission of the post-hearing briefs, Judge Hiatt entered an order on November 24, 2006, directing further briefing on the issue of whether plaintiff's claims necessarily involve resolution of a question of federal copyright, where the federal courts have exclusive jurisdiction, so that the court should deny the complaint for declaratory relief, or otherwise decline to rule, deferring o the federal

courts (Exhibit 35 to Notice of Removal). The order directed plaintiff to file a brief by December 1, 2006 and defendant to file any reply by December 8, 2006 (*id.* at 2).

Plaintiff filed a brief on December 1, 2006, in which it states that the determination by the state court judge requires examination of federal copyright law, but argues that given the nature of the dispute between the parties, the state court has the authority to decide the case (Plaintiff's Response to Court's Order of November 24, 2006, Exhibit 36 to Notice of Removal, at 5). Citing to *T.B. Harms Company v. Eliscu,* 339 F.2d 823 (2d Cir. 1964) and other federal cases, plaintiff argues that "[s]imply because the state courts must examine federal copyright law to determine contractual rights does not raise the state court claims to the level of exclusive federal court jurisdiction." *Id.* at 5. Defendant apparently did not file a response in the state court as permitted by the November 24, 2006 order.

**ANALYSIS**

Defendant asserts that it first ascertained that plaintiff was raising issues relating to copyright law when plaintiff's counsel "tersely" made such an assertion at the hearing of November 8, 2006 (Notice of Removal at 15) and therefore defendants contends the notice of removal was timely filed within thirty days thereafter (*id.*). Even assuming that a statement of opposing counsel in open court is the equivalent of an "amended pleading, motion, order or other paper" for purposes of the application of 28 U.S.C. § 1446(b), the Court finds that November 8, 2006 was not the first event from which it could be ascertained that this case was arguably removable for the reasons discussed below.

Plaintiff's complaint alleges only state law claims for breach of contract and does not allege copyright claims. Although defendant's answer and counterclaims filed August 16, 2006 raise copyright based defenses and claims, for purposes of determining removability the "well-pleaded complaint" rule is usually applied, and under it a federal court looks only to the face of the complaint to determine if there are federal claims, and not to the counterclaims alleged by defendant. *See Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987). As the Supreme Court stated, the plaintiff is the master of his complaint, and can avoid federal jurisdiction by exclusive reliance on state law. *Id.* Because the plaintiff's complaint in the instant case contains no copyright claims or other federal claims, under the application of the well-pleaded complaint rule this case would not be removable.

However, while it is true that federal question jurisdiction is ordinarily determined by the "well-pleaded complaint" rule and the federal courts generally look only to the face of the complaint to determine if there are federal claims, the rule is relaxed in cases where federal statutory preemption is involved, such as in copyright cases. For example, *Rosciszewski v. Arete Associates, Inc.,* 1 F.3d 225 (4th Cir. 1993), the court explained the basis for modification of the rule as applied to removal of a case such as this one, where the defendant raises copyright defenses in an answer to a complaint that alleges only state law claims. In *Rosciszewski*, the court stated:

> Generally, federal preemption is a defense to a plaintiff's action, and as such, it does not appear on the face of a well-pleaded complaint. Consequently, it does not authorize removal to federal court. In certain circumstances, however, the pre-emptive force of federal law is so extra-

> ordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. This so-called complete preemption occurs when an area of state law has been so completely pre-empted, that any claim purportedly based on the pre-empted state law is considered . . . a federal claim. When state-law claims are completely preempted by federal law, the plaintiff's complaint arises under federal law and removal is proper.

*Id.* at 231 (internal quotations, brackets and citations omitted). Accordingly, if the defendant is asserting that copyright law preempts the plaintiff's state law claims, the case is removable without regard to the well-pleaded complaint rule. A similar analysis was followed by a district court of this circuit in *Hoover v. Allied Van Lines, Inc.*, 205 F. Supp. 2d 1232, 1235-36 (D. Kan. 2002), although the federal preemption involved there did not arise under the copyright statute. The import of these decisions is that a case that may not normally be removable under the well-pleaded complaint rule, may be removable based on the defendant's assertion of a preemptive federal statute.

Here, while defendant's answer and counterclaim do not expressly use the language of "preemption," it appears that the defenses asserted by defendant are that plaintiff's claims are preempted by the copyright protection claimed by defendant. The answer asserts as an affirmative defense that any agreement between the plaintiff and defendant is "determined based upon the copyright laws of the United States of America, 17 U.S.C. Sections 101 et seq." (Answer and Counterclaim at 3), that the agreements alleged in the complaint are not "Works- Made-For-Hire" within the meaning of the federal copyright laws (*id.*), and asserts as its First Counterclaim a right to declaratory relief based on federal copyright provisions (*id.* at 5). Thus, under the

exception to the well-pleaded complaint rule as explained above, this case may well be removable based on the federal preemption over the parties' disputes as asserted by defendant.

The question thus becomes when did this case become removable. Although *Rosciszewski* did not address the timeliness of the removal petition filed there, the *Hoover* case expressly addressed the timeliness of removal in a case where federal preemption was found applicable to plaintiff's claims. It held that the time limits of 28 U.S.C. § 1446(b) applied, and since the case there was removed more than 30 days after it became removable, it remanded the case as untimely removed. 205 F. Supp. 2d at 1241.

As noted, defendant here argues that it did not have notice that the case was removable until November 8, 2006, and therefore argues its December 9, 2006 Notice of Removal was timely filed. However, this Court disagrees.

First, the Answer and Counterclaim itself, filed August 18, 2006, raises the copyright preemption argument and thus implicitly recognized the removability of the case. Second, on October 23, 2006, defendant filed a motion for summary judgment in the state court asserting essentially that plaintiff's claims were preempted by the effect of the federal copyright laws (Exhibit 27 to Notice of Removal). Third, the examination by plaintiff's counsel at the hearing on November 8, 2006 was in fact cross-examination of defendant's chief executive officer, Mr. Garret Acott, who was being questioned regarding copyright protections asserted by defendant. (*See* Transcript of November 8, 2006 hearing at 38-39). In its Notice of Removal, defendant argues this is the first

6

notice it had that copyright issues played a role in this case. But the questioning of Mr. Acott was directed to an affidavit signed by him on October 21, 2006 (referred to in the Transcript as Exhibit 7), and a copy of that affidavit reveals that as of October 21, 2006 defendant was asserting copyright protection for the works at issue in plaintiff's claims. *See* Acott Affidavit, attached to Defendant's Motion for Summary Judgment filed October 23, 2006, Exhibit 7 to Notice of Removal, ¶ 9.

Accordingly, there is no basis to find that defendant could not first ascertain that this case was removable until November 8, 2006, 30 days prior to December 9, 2006. On the contrary, there are numerous reasons to find that defendant could have and should have ascertained that this case was removable well before 30 days prior to December 9, 2006, and yet defendant failed to remove the case until December 9, 2006.

Furthermore, the Court notes that even though removal here was based on the application of the copyright statute, nothing about the nature of such claims, including the exclusive jurisdiction provision found in 28 U.S.C. § 1338(a), suggests that the time limits of 28 U.S.C. § 1446(b) do not apply. In *Bryant v. Broadcast Music, Inc.*, 2004 WL 360439 (S.D.N.Y., Feb. 26, 2004), the district court found that the defendant untimely removed the copyright claims asserted by plaintiff, and remanded the case to state court notwithstanding the assertion that copyright claims were under the exclusive jurisdiction of the federal courts. First, the court noted, a case that concerns a copyright does not necessarily mean that it is within the jurisdiction of a federal court, citing to *Jasper v. Bovina Music, Inc.*, 314 F.3d 42, 46 (2d Cir. 2002), and pointing out

that under that case, only if the claims specifically require interpretation of the Copyright Act, or if relief is sought under the Act, is federal jurisdiction available and exclusive.  2004 WL 360439 at *1.  Second, the court emphasized that the removal statutes are to be strictly construed.  *Id.*  Thus, because defendants there filed a notice of removal some 42 days after the state court judge expressly elicited an acknowledgment from defendant's counsel that plaintiff had asserted what may amount to copyright claims, the court found the notice of removal untimely under 28 U.S.C. § 1446(b).  *Id.* at * 2.

Here too, the state court judge may find that resolution of the claims asserted does not necessarily require interpretation of the Copyright Act, notwithstanding defendant's assertion of such affirmative defenses.  The decision of that issue should be left, in the first instance, to the state court judge who has the matter before on the parties' briefs.

**CONCLUSION**

For these reasons, the Court finds, *sua sponte*, that the removal notice filed on December 9, 2006 was not timely under 28 U.S.C. § 1446(b), and directs that this case be REMANDED to the state district court.  Finally, the Court notes that on January 12, 2007, defendant filed an independent action against Plaintiff Western States Pathology, Inc., a corporation known as 3T Systems, Inc., and certain of its employees, alleging claims for violation of the federal copyright laws and the Lanham Act.  *Ruffdogs, Inc., v. Western States Pathology, Inc., et al.*, No. 07-cv-00087-MSK-PAC.  That case appears to concern the same subject matter, although no party has sought

to consolidate it with this case. Because of this remand order, there is no need to consider consolidation of that case with this one.

DATED:  January 19, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge